IN RE TAXATION OF STACYVILLE BANK.

MITCHELL COUNTY et al., Appellants, v. STACYVILLE BANK, Appellee (and two other cases).

**TAXATION:** Assessment—Assessment Correct But Violative of Statute. An assessment of bank stock which correctly arrives at the value of the bank credits is unassailable even though the statute is not strictly complied with,—is, in .fact, violated.  So held where the listing of the credits was excessive, in that it showed the entire face value of the credits, from which was deducted a specific sum for debts owed by the bank (for which deduction there was no authority), instead of reducing the face value of the credits by the amount for which certain credits had been hypothecated.

Headnote 1:   37 Cyc. p. 1032 (Anno.)

*Appeal from Mitchell District Court.*—M. H. KEPLER, Judge.

SEPTEMBER 21, 1926.

The county auditor of Mitchell County made additional assessments for taxes against each of the banks herein.  They appealed to the district court, which canceled and removed the additional assessments, and in each instance the county appealed. —*Affirmed.*

*H. H. Matt* and *F. C. Bush,* for appellants.

*William H. Salisbury,* for appellees.

*Ben. J. Gibson,* Attorney-general, and *Herbert A. Huff,* Assistant Attorney-general, *Amici Curiæ.*

ALBERT, J.—These three cases are submitted on the same record, and involve practically the same set of facts. The banks, being private banks, were assessed in the ordinary course of taxation, and paid the taxes thus assessed against them. Later in the same year, the county auditor notified them of an alleged incorrectness in their assessments, and that he proposed to raise the assessment against each bank as follows:

| | |
|---|---|
| Farmers & Merchants Bank | $1,059.26 |
| St. Ansgar Bank | 1,553.19 |
| Stacyville Bank | 254.88 |

In pursuance to said notice, the respective amounts were assessed against said banks, and in each instance, the bank appealed to the district court.

The point of dispute in these cases arises from the mode of assessment, in the first instance, and is limited to one item thereof. The St. Ansgar Bank had borrowed $70,000, and, to furnish collateral for the same, they took from their bills receivable something over $90,000. The Stacyville Bank had borrowed $12,000, and the Farmers & Merchants Bank, $47,000, which, in each instance, was furnished with collateral in the same manner as the St. Ansgar Bank loan.

Through misunderstanding of the law, in their original statements, upon which their first taxes were levied, each bank scheduled its bills receivable in full, as shown by its books. They listed the money borrowed by them as a liability, and deducted it from the aggregate of their assets. It is because of these deductions that the controversy arises.

Section 1321, Supplement to the Code, 1907, among other provisions, reads as follows:

"The aggregate actual value of moneys and credits, after deducting therefrom the amount of deposits and of debts owing by such bank as provided in this chapter, and the aggregate actual value of bonds and stocks, after deducting the portion thereof exempt, or otherwise taxed in this state, and also the

other property pertaining to the business, shall be assessed as provided by Section 1305 of this chapter, not including real estate, which shall be listed and assessed as other real estate."

The provision relating to the deduction of debts from the total assets was stricken from the above statute by Chapter 63, Acts of the Thirty-fourth General Assembly. The constitutionality of this statute is very elaborately argued, on the theory that it discriminates between private banks and state and savings banks, to the detriment of the former; and we are favored with a very elaborate and able brief from the attorney-general's office, on behalf of the state, as *amicus curiæ*.

As we view this matter, the question of constitutionality of the statute is not involved in the ultimate determination of this case. We are satisfied that a close analysis of the statute will solve the problem, without a discussion of the constitutionality of the law.

Under the aforesaid Section 1321, it is provided, among other things, that the banks shall make a sworn statement to the assessor, showing, among other things, the *actual value* of credits, consisting of bills receivable owned by them and other credits due or to become due. It is therefore apparent that the bills receivable and other credits in the hands of the bank are elements upon which the assessment is to be based.

In each of the instant cases, the bank, in its sworn statement, set out the full amount of the credits shown on its books in the form of bills receivable and other credits due it. It then set out its liabilities, deducted the same, and paid taxes on the net balance. As heretofore set out, so far as the matters in controversy are concerned, there had been actually taken from the assets of the bank, at the time the sworn statement was made, the respective amounts that were placed with the loaning bank as collateral. The bank statements, therefore, in each instance, were an incorrect statement of "the actual value of the bills receivable and credits of the bank;" the various amounts having been taken, as a matter of fact, from the bills receivable, and placed as collateral. The "actual value" of the bills receivable, of course, would be the amount left after deducting the amount of the same necessary to liquidate the obligations for which they formed collateral. In other words, had the banks made a correct statement of the actual condition, the bills receivable in each

instance would have been less than the bills receivable scheduled in the bank, to the amount of the indebtedness for which the collateral was given. Concretely, and by way of illustration, the books of the St. Ansgar Bank and the statement furnished by the bank to the assessor contained, among other things, an item:

"Amount of bills, bonds and other evidence of debts discounted or purchased, actually owned by the bank, $558,888.49."

Out of this amount there had been taken the sum of $90,-448.31 of bills receivable, which was placed with the Merchants Loan & Trust Company of Chicago and the Commercial Bank of Waterloo, to secure the payment of $70,000 of money borrowed. In the assessment made, the bank was charged with all of its bills receivable, and was allowed to deduct from the aggregate $70,000 as a liability. The right result was reached, as, if we follow the statute literally, the $70,000 which was in fact borrowed, was furnished with collateral by an amount in excess thereof by the bills receivable of the bank; and the "actual value" thereof, under the statute, was not $558,888.49, but $488,888.49. This is the exact amount which was taken into consideration in computing the taxes which were levied in the first instance.

Identically the same condition exists in the other two banks involved in this appeal. It is quite obvious, therefore, that the amount of tax paid by these banks in the first instance was the correct amount which they should have paid. While it may be true that the taxes paid were not calculated in the exact manner marked out by the statute, yet it was the exact amount which should have been paid by the banks if the statute had been literally followed.

We reach the conclusion that there were no facts in the record which warranted the county auditor in levying the additional assessment against any of these banks. The action of the district court in canceling the assessment was right in each instance.—*Affirmed*.

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.